



FILED
7/22/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
JM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROMEL BRYANT,
Plaintiff,

v.

TIKTOK INC. and JOHN DOE, also known as CORTEZ DUQUETTE MEDIA and/or @cortez.duquette,
Defendants.

Case No. 1:26-cv-04907
Hon. Elaine E. Bucklo

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TIKTOK INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Romel Bryant, proceeding pro se, respectfully submits this Response in Opposition to Defendant TikTok Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint.

I. PRELIMINARY PROCEDURAL NOTE

Plaintiff files this Response promptly because Plaintiff opposes Defendant TikTok Inc.'s Motion to Dismiss and respectfully wants the Court to have Plaintiff's position before ruling.

If the Court enters a separate briefing schedule, Plaintiff respectfully requests that this filing be accepted as Plaintiff's Response or, alternatively, that Plaintiff be allowed to supplement this Response in accordance with any schedule entered by the Court.

II. INTRODUCTION

Defendant TikTok Inc. asks this Court to dismiss Plaintiff's claims against TikTok Inc. with prejudice at the pleading stage. The request should be denied.

Plaintiff's First Amended Complaint does not merely allege that a third-party TikTok user posted a photograph and that TikTok later removed it. Plaintiff alleges that he owns a registered copyright in the photograph at issue; that Defendant John Doe, also known as Cortez Duquette Media and/or @cortez.duquette, used Plaintiff's copyrighted photograph without authorization; that Plaintiff repeatedly notified TikTok of the infringement; that Plaintiff provided the infringing URL, the responsible TikTok account, proof of ownership, the copyright registration number, screenshots, good-faith statements, statements made under penalty of perjury, and multiple follow-up notices; that TikTok initially refused or failed to proceed; that the content remained available after repeated notice; and that TikTok later removed or disabled access to the reported content only after further legal escalation and the filing of this lawsuit.

1

At the Rule 12(b)(6) stage, Plaintiff is not required to prove TikTok's internal intent, moderation records, revenue data, engagement metrics, algorithmic treatment, communications with the user, account relationship, or financial benefit before discovery. Those facts are largely within TikTok's possession.

TikTok's Motion relies heavily on facts Plaintiff cannot access without discovery while asking the Court to dismiss the claims with prejudice before Plaintiff has had any opportunity to obtain those facts. Plaintiff has pleaded enough facts to make his claims plausible or, at minimum, to make dismissal with prejudice inappropriate.

TikTok's Motion should be denied. Alternatively, if the Court finds any pleading deficiency, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice.

III. RELEVANT BACKGROUND

Plaintiff owns a registered copyright in the photograph at issue. Plaintiff alleges that Defendant John Doe, also known as Cortez Duquette Media and/or @cortez.duquette, copied, reproduced, publicly displayed, distributed, uploaded, posted, and/or used Plaintiff's copyrighted photograph on TikTok without Plaintiff's authorization.

Plaintiff further alleges that the infringing content appeared at or was associated with the URL https://www.tiktok.com/t/ZP8f3PvsQ/ and the account/video associated with @cortez.duquette. Plaintiff alleges that he repeatedly notified TikTok of the infringement and repeatedly identified the copyrighted photograph, the infringing TikTok content, the infringing URL, the responsible TikTok account, Plaintiff's ownership, Plaintiff's copyright registration number, and Plaintiff's lack of authorization.

Plaintiff alleges that TikTok requested information Plaintiff could not provide because Plaintiff was the copyright owner, not the infringing uploader. TikTok requested a screenshot of a logged-in social media account used to post the content, even though Plaintiff specifically explained that he did not upload the infringing content and did not maintain a TikTok account. Plaintiff alleges that TikTok then issued a final decision refusing to proceed, yet later removed or disabled access to the same reported content after additional legal notices and the filing of this lawsuit.

These allegations support reasonable inferences that TikTok had actual notice, had the ability to control the content, exercised review authority over the content, and allowed the infringing content to remain available after Plaintiff's repeated notices.

IV. SUMMARY OF PLAINTIFF'S NOTICE HISTORY

Plaintiff's allegations are not based on a single report or a simple delay. Plaintiff alleges a repeated notice history showing that TikTok was contacted multiple times, was provided specific information, requested additional information, refused or failed to proceed, and later removed or disabled access to the same reported content after further legal escalation.

| Date | Plaintiff's Contact / TikTok's Response |
| --- | --- |
| December 30, 2025 | Plaintiff submitted an intellectual property report to TikTok regarding unauthorized use of his copyrighted photograph. |
| December 31, 2025 | TikTok responded that it was unable to assess the report and requested additional proof of ownership. |
| January 26, 2026 | Plaintiff submitted another intellectual property report identifying unauthorized use of his copyrighted photograph. |
| January 27, 2026 | Plaintiff submitted a DMCA takedown notice identifying the copyrighted photograph, the infringing TikTok content, the responsible account, and Plaintiff's lack of authorization. |
| January 31, 2026 | Plaintiff followed up and informed TikTok that the infringing content remained publicly accessible after notice. |
| February 4, 2026 | Plaintiff again followed up and informed TikTok that the infringing content remained publicly accessible. |
| February 11, 2026 | Plaintiff submitted another DMCA notice to TikTok regarding the same unauthorized use. |
| February 27, 2026 | TikTok requested a screenshot of a logged-in social media account used to post the content. |
| February 28, 2026 | Plaintiff explained that he was the copyright owner, not the uploader, and did not maintain a TikTok account used to post the infringing content. |
| March 5, 2026 | TikTok issued a final decision stating it was unable to proceed. |
| April 21, 2026 | Plaintiff sent a formal legal demand to TikTok regarding the continued availability of the infringing content. |
| April 28, 2026 | TikTok requested additional information. Plaintiff responded with the infringing URL, ownership information, copyright registration number, proof of ownership, explanation of infringement, and identification of @cortez.duquette. |
| April 29, 2026 | Plaintiff notified TikTok that he had filed this federal lawsuit. |
| May 1, 2026 | Plaintiff notified TikTok regarding formal service of the lawsuit and again requested removal. |
| May 5, 2026 | TikTok confirmed that it had removed and/or disabled access to the reported content and/or account. |

This chronology supports Plaintiff's position that the First Amended Complaint alleges more than mere generalized knowledge. Plaintiff alleges repeated, specific notice concerning a specific copyrighted photograph, a specific TikTok URL, a specific TikTok account, and continued availability after notice. TikTok's

eventual removal or disablement of the same reported content also supports Plaintiff's allegation that TikTok had the ability to control access to the infringing material.

These facts are pleaded in the First Amended Complaint, including Plaintiff's allegations regarding ownership and registration, FAC ¶¶ 25–33; the infringing TikTok use, FAC ¶¶ 38–53; Plaintiff's notice history, FAC ¶¶ 62–174; TikTok's eventual removal or disablement, FAC ¶¶ 168–174; TikTok's knowledge and ability to control the content, FAC ¶¶ 175–190; and harm to Plaintiff, FAC ¶¶ 191–199.

V. LEGAL STANDARD

A complaint survives a Rule 12(b)(6) motion when it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. At this stage, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences in Plaintiff's favor.

Plaintiff is proceeding pro se. Although pro se litigants must still plead plausible claims, pro se pleadings are construed liberally. Plaintiff respectfully asks the Court to review the First Amended Complaint under that standard.

VI. ARGUMENT

A. TikTok's Motion Mischaracterizes the First Amended Complaint.

TikTok argues that the First Amended Complaint alleges only that a third-party user posted Plaintiff's photograph and that TikTok removed the post after receiving information. That is not a fair reading of the First Amended Complaint.

The First Amended Complaint alleges a detailed notice history. Plaintiff alleges that he repeatedly reported the infringing content to TikTok, identified the copyrighted work, identified the infringing URL, identified the user account, explained that he was the copyright owner, provided his registration number, provided proof of ownership, provided statements required for copyright reporting, and followed up after the content remained available.

The First Amended Complaint also alleges that TikTok initially failed or refused to proceed, issued a final decision, and then later removed or disabled access to the same reported content after further legal escalation.

Those facts matter. They support reasonable inferences that TikTok had actual notice, reviewed Plaintiff's reports, had the ability to control the content, and allowed the content to remain publicly available after repeated notice.

B. Plaintiff Plausibly Pleads Contributory Copyright Infringement Against TikTok Inc.

TikTok argues that Plaintiff's contributory infringement claim fails because Plaintiff has not pleaded intent under Cox Communications, Inc. v. Sony Music Entertainment, 607 U.S. ___, 146 S. Ct. 959 (2026).

Plaintiff does not dispute that contributory infringement requires more than mere generalized knowledge. However, TikTok's Motion asks the Court to treat Plaintiff's allegations as if they involve only passive knowledge that infringement may occur somewhere on the platform. That is not what Plaintiff alleges.

Plaintiff alleges specific actual notice regarding a specific copyrighted photograph, a specific infringing post, a specific URL, and a specific TikTok user account. Plaintiff alleges that TikTok received repeated reports, reviewed or processed those reports, requested additional information, refused or failed to proceed, issued a final decision, continued to allow the content to remain available, and later removed or disabled access to the same reported content.

This case is not merely about a passive internet service provider generally providing internet access to the public. Plaintiff alleges that the infringing material was hosted, displayed, distributed, and made publicly accessible through TikTok's own platform, TikTok's own user-account system, TikTok's own content systems, and TikTok's own copyright-review and removal procedures.

At the pleading stage, Plaintiff cannot know TikTok's internal moderation communications, escalation decisions, algorithmic treatment, reviewer notes, revenue treatment, user-account history, prior complaint history, or the precise internal reason TikTok refused to proceed before later removing the content. Those facts are uniquely within TikTok's possession.

TikTok's own conduct supports a plausible inference that it did more than passively receive information. TikTok reviewed Plaintiff's reports, requested additional information, closed or refused reports, issued a final decision, and later removed or disabled access to the same reported content. Plaintiff should be permitted to test through discovery whether TikTok's conduct, policies, internal decisions, or relationship with the account show the purposeful conduct required for contributory liability.

TikTok argues that delayed removal can never support contributory infringement. But Plaintiff's claim is not based on delay alone. It is based on repeated notice, specific identification of infringing material, refusal to proceed despite information supplied by the copyright owner, continued availability after notice, and later removal of the same content after additional legal escalation.

Whether those facts ultimately satisfy contributory liability should not be decided with prejudice before discovery, particularly where TikTok controls the internal evidence relevant to intent, moderation decisions, user-account history, and the content-removal process.

C. Plaintiff Plausibly Pleads Vicarious Copyright Infringement Against TikTok Inc.

TikTok also argues that Plaintiff failed to plead vicarious infringement because Plaintiff did not allege a direct financial benefit tied to the specific infringing post.

Plaintiff's First Amended Complaint alleges that TikTok had the right and ability to supervise, review, remove, disable, restrict, block, or otherwise control access to the infringing content. TikTok's own copyright reporting process and eventual removal or disablement of the content support that allegation.

Plaintiff also alleges that TikTok benefits financially from user engagement, traffic, views, advertising opportunities, data collection, user retention, and platform activity. Plaintiff alleges that the infringing

TikTok video used Plaintiff's copyrighted photograph in a negative and attention-grabbing context concerning Plaintiff's character, professional reputation, and coaching career. Plaintiff alleges that the photograph was used to identify Plaintiff, draw attention to the content, and increase engagement with the post.

Those allegations support a reasonable inference that the infringing use acted as a draw for viewers, engagement, comments, shares, or platform activity. Plaintiff is not required at the pleading stage to possess TikTok's internal revenue data, advertising information, view counts, algorithmic distribution records, recommendation data, or engagement metrics. Those facts are controlled by TikTok.

TikTok's argument would require a pro se copyright owner to plead internal platform financial data before discovery. That is not a fair pleading requirement. Plaintiff has alleged the nature of the infringing content, the way the copyrighted photograph was used, TikTok's ability to control the content, and TikTok's general financial benefit from platform engagement. Those facts are sufficient to proceed past dismissal or, at minimum, sufficient to avoid dismissal with prejudice.

D. TikTok's "No Relationship With the User" Argument Should Not Defeat the Claims at the Pleading Stage.

TikTok argues that Plaintiff failed to allege a relationship between TikTok and the user. But the First Amended Complaint alleges that the direct infringer was a TikTok user or account holder who used TikTok's platform to post the infringing content. The content appeared on TikTok, under a TikTok account, through TikTok's systems, and was subject to TikTok's reporting, review, and removal procedures.

Plaintiff cannot know before discovery the full nature of TikTok's relationship with the user, including account history, verification status, monetization eligibility, warning history, prior complaints, engagement metrics, internal moderation notes, or whether the account received any benefit from the post. Those facts are in TikTok's possession.

At the pleading stage, Plaintiff has sufficiently alleged a platform-user relationship: TikTok hosted the user's content, maintained the account system through which the content was posted, controlled access to the content, processed reports concerning the content, and eventually removed or disabled access to the content.

If TikTok contends that another TikTok-related entity operated the platform or controlled the relevant systems, that is not a reason to dismiss Plaintiff's claims with prejudice. It is a reason to allow discovery or amendment so Plaintiff can identify the proper TikTok-affiliated entity responsible for the relevant platform functions, copyright-review process, content-hosting system, and removal decisions.

E. TikTok's Own Filing Confirms That Important Facts Are Within TikTok's Possession.

TikTok's memorandum states that, as of January 22, 2026, the TikTok platform in the United States was allegedly operated by "a different entity not named as a defendant in this action." TikTok does not identify that entity in the Motion.

That statement confirms why dismissal with prejudice is inappropriate. If TikTok's position is that TikTok Inc. is not the exact entity responsible for the platform functions at issue, then Plaintiff should be allowed to conduct discovery and/or amend to name the proper TikTok-affiliated entity.

Plaintiff is a pro se litigant. Plaintiff has identified the TikTok platform, the infringing TikTok content, the TikTok user account, TikTok's reporting systems, TikTok's copyright email addresses, TikTok's notices, TikTok's responses, and TikTok's eventual removal or disablement. Plaintiff cannot be expected to know, before discovery, the internal corporate division of responsibility among TikTok-affiliated entities.

TikTok should not be allowed to use undisclosed internal corporate information as both a sword and a shield: first to argue that TikTok Inc. is not the proper defendant, while also withholding the identity of the entity TikTok claims is responsible. If the Court finds that TikTok Inc. is not the correct entity, Plaintiff respectfully requests leave to amend to name the proper TikTok-affiliated entity after limited discovery or clarification.

F. TikTok's Removal of the Content Supports Plaintiff's Allegations of Control.

TikTok attempts to use its eventual removal of the content as a defense. But at the pleading stage, the removal also supports Plaintiff's allegations.

TikTok's eventual removal or disablement confirms that TikTok or a TikTok-affiliated entity had the ability to remove or disable access to the reported content. That supports Plaintiff's allegation that the platform had the right and ability to control the infringing material.

The issue is not merely that TikTok eventually removed the content. The issue is that Plaintiff alleges TikTok did so only after months of repeated notices, follow-ups, legal demands, and the filing of this lawsuit. TikTok's eventual removal does not erase the alleged period of continued availability after notice.

G. TikTok's Factual Disputes Should Not Be Resolved Against Plaintiff on a Rule 12(b)(6) Motion.

At this stage, TikTok's arguments depend heavily on facts not available to Plaintiff before discovery, including TikTok's internal moderation process, the responsible TikTok-affiliated entity, the account relationship, the content's engagement metrics, TikTok's recommendation or distribution of the post, and any financial benefit tied to the post.

Those are factual issues, not grounds for dismissal with prejudice at the pleading stage. Plaintiff respectfully submits that the Court should not resolve those factual issues against a pro se Plaintiff on a Rule 12(b)(6) motion.

To the extent matters outside the pleadings are considered and not excluded, Federal Rule of Civil Procedure 12(d) provides that a Rule 12(b)(6) motion must be treated as one for summary judgment and the parties must be given a reasonable opportunity to present materials. Plaintiff has not had discovery or a reasonable opportunity to obtain TikTok's internal records.

H. Dismissal With Prejudice Would Be Premature and Unjust.

Even if the Court determines that Plaintiff's First Amended Complaint does not yet plead enough facts regarding TikTok Inc.'s internal intent, direct financial benefit, relationship with the account user, or the specific TikTok-affiliated entity responsible for the relevant platform functions, dismissal with prejudice would be premature.

Those facts are uniquely within TikTok's possession. Plaintiff acted diligently by filing his First Amended Complaint immediately after TikTok's first motion to dismiss and added substantial factual detail, including specific dates, URLs, report numbers, copyright registration information, notice history, TikTok responses, and removal history.

Plaintiff respectfully requests that, if the Court finds any pleading deficiency, the Court identify the deficiency and grant Plaintiff leave to file a Second Amended Complaint rather than dismissing TikTok Inc. with prejudice.

Leave to amend is especially appropriate because the direct infringer remains unidentified and TikTok likely possesses information needed to identify Defendant John Doe, including account registration information, upload records, IP logs, account communications, complaint history, moderation history, and removal records.

Plaintiff has acted in good faith and has not delayed this action. Plaintiff amended promptly after TikTok's first motion. Plaintiff now responds promptly to TikTok's second motion. The Court should not permanently dismiss TikTok Inc. before Plaintiff has had an opportunity to obtain discovery into facts that are controlled by TikTok.

VII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant TikTok Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint.

In the alternative, if the Court finds any pleading deficiency, Plaintiff respectfully requests that dismissal with prejudice be denied and that Plaintiff be granted leave to amend.

Respectfully submitted,

Dated: July  22, 2026

/s/ Romel Bryant
Romel Bryant
Plaintiff, Pro Se
254 Chapman Rd, STE 208 #26103
Newark, DE 19702
Telephone: (708) 265-4099
Email: ican2b@gmail.com

CERTIFICATE OF SERVICE

I, Romel Bryant, certify that on July __22__ 2026, I served a true and correct copy of Plaintiff's Response in Opposition to Defendant TikTok Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint upon counsel for Defendant TikTok Inc. by email at:

Sarah A. Hsu
SHsu@mayerbrown.com

Preston R. Michelson
PMichelson@mayerbrown.com

/s/ Romel Bryant
Romel Bryant