IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Romel Bryant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 26 C 4907 |
| | ) | |
| | ) | |
| TikTok, Inc. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Memorandum Opinion and Order

Plaintiff Romel Bryant took and copyrighted a photograph of himself. Defendant TikTok, Inc. ("TikTok") operates the TikTok social media platform. Defendant John Doe, whose TikTok handle is @cortez.duquette and whose channel is Cortez Duquette Media ("Duquette"), posted Bryant's photograph to TikTok's platform without Bryant's permission. Bryant protested, and TikTok eventually removed the offending photograph, but the company's action was, in Bryant's estimation, too slow, and he filed suit. Before me is TikTok's motion to dismiss. I grant that motion.

**I.**

Bryant took a photograph of himself in a suit, holding both of his middle fingers up to the camera. Bryant copyrighted that photograph.[1] Duquette then used the photograph in a post on his TikTok about Bryant.[2]

Bryant spotted Duquette's post in December 2025 and reported the copyright infringement in January 2026. He received an automated reply from TikTok confirming the company's receipt of the report, but TikTok did not remove the post. Bryant followed up by email on February 4, 2026, and TikTok sent another automatic reply. On February 27, 2026, TikTok's intellectual property reports team emailed Bryant to ask him for a screenshot of the offending content from his own TikTok account. Bryant responded the next day that he did not have a TikTok account and thus could not provide such a screenshot. On March 5, 2026, TikTok's reports team wrote back, saying that, "Based on the information provided, we are

[1] The photo appears to have had some personal significance. ECF 20 at 91–92.

[2] I write "his" because Bryant asserts that the Duquette channel is run by a man, and the commentator in the screenshot of the video Brant has provided appears to be male. ECF 20 at 25.

unable to proceed with your request this time around." ECF 20 at 81.

On April 21, 2026, Bryant emailed TikTok a "formal legal demand" about the photograph and received another automated response. *Id.* at 87. On April 28, a member of TikTok's copyright team emailed Bryant to request information regarding the infringement and Bryant's ownership of the copyright. *Id.* at 107. Bryant responded with the requested information that evening. The next day, Bryant filed this lawsuit, and on May 5, 2026, TikTok emailed Bryant to confirm that it had removed the offending post from its platform.

Bryant alleges that the use of his photograph caused him to suffer loss of licensing value, reputation, and control over his copyrighted work. He pleads direct copyright infringement against Duquette in Count I and contributory and vicarious infringement against TikTok in Counts II and III. Before me is TikTok's motion to dismiss Counts II and III for failing to state a claim.

**II.**

In deciding a motion to dismiss for failure to state a claim, I read the complaint in the light most favorable to the plaintiff, accept well-pled facts as true, and draw all inferences in the

plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008). Because he is proceeding *pro se*, I read Bryant's filings generously. *Korsunskiy v. Gonzalez*, 461 F.3d 847, 850 (7th Cir. 2006). A claim must be plausible rather than merely speculative, *see Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007), meaning that the plaintiff must include "enough details about the subject-matter of the case to present a story that holds together," *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404–05 (7th Cir. 2010).

## III.

Holders of a copyrighted work may "institute an action for any infringement" of that work. 17 U.S.C. § 501(b). Remedies for infringement embrace actual damages, including profits earned by the infringer, as well as statutory damages up to $150,000, depending on the circumstances. 17 U.S.C. § 504. Infringement can be primary, meaning that the person in question is himself using the copyrighted work. And infringement can be secondary, meaning that the person in question has somehow aided the primary infringer without directly making use of the work.

Bryant has alleged two kinds of secondary infringement on TikTok's part. First is contributory liability, where a

provider of a service is "liable for a user's infringement if it intended its service to be used for infringement." *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. 583, 588 (2026). The other variety is vicarious liability, which is where "the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product." *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1149–50 (7th Cir. 1992).

### A. Contributory Liability

In order to show that a defendant provider intended its service to be used for infringement—and thus make out contributory liability—a plaintiff may plead either that the provider "affirmatively induced the infringement" or that the provider "sold a service tailored to infringement." *Cox*, 607 U.S. at 588 (cleaned up). But "mere knowledge that a service will be used to infringe is insufficient to establish the required intent to infringe." *Id.* at 594.

Unfortunately for Bryant, as to contributory liability, all that he has pled is TikTok's mere knowledge of Duquette's infringement. In his facts section, Bryant asserts that

"TikTok received actual notice of Plaintiff's copyright claim" and, in Count II, that TikTok "knew or had reason to know of [Duquette's] infringement." ECF 20 at 13, 15. Nowhere does Bryant plead facts leading to the inference that TikTok "affirmatively induced" either Duquette's post or infringement generally. *Cox*, 607 U.S. at 588. And while Bryant does plead that "[u]pon information and belief, infringing videos and controversial content can increase user engagement, viewing time, comments, shares, and traffic on TikTok," that assertion does not lead to the inference that TikTok has built a platform which is "tailored to infringement" such that copyrighted works will, for some reason, generate more traffic on the platform than other, non-infringing content. *Id.*; ECF 20 at 13.

**B. Vicarious Liability**

In order to make out the kind of partnership or agency relationship that triggers vicarious liability, a plaintiff must plead that "the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." *Metro-Godwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9 (2005). The

"essential aspect" of the first prong, financial benefit, depends on "whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps." *GC2 Inc. v. Int'l Game Tech. PLC*, 255 F. Supp. 3d 812, 825 (N.D. Ill. 2017) (citing *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004)). That is, "'[f]inancial benefit exists where the availability of the infringing material acts as a draw for customers,'" as against non-infringing material on the platform. *Flava Works, Inc. v. Gunter*, 2011 WL 1791557, at *5 (N.D. Ill. May 10, 2011) (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1023 (9th Cir. 2001)).

Here, again, Bryant has pled that "TikTok receives financial benefit from user activity," that "infringing videos...can increase user engagement," and that "TikTok benefited, directly or indirectly, from keeping user-generated content available on its platform." ECF 20 at 13. And he has alleged that TikTok "had a direct financial interest in the availability of engaging user-generated content." *Id.* at 16. All of these things can be true—the first one and the last two indisputably are—without infringing

material specifically acting as a draw. At best, Bryant has pled that TikTok depends on user-uploaded content and that some of that content, including Duquette's video, contains copyright infringement. But Bryant has not pled that the infringing material is of especial interest to users of the platform or that TikTok has an especial relationship with infringers generally or Duquette specifically. Bryant has also failed to plead any facts which would lead to the inference that TikTok and Duquette were in any kind of supervisory or agency or any other kind of relationship other than that of service provider and customer.

**IV.**

Bryant has failed to state a claim in Counts II and III and they are dismissed without prejudice. Bryant has thirty days to amend his complaint, to the extent that he is able to do so within the bounds of Fed.R.Civ.P. 11. If he does not do so within thirty days, Counts II and III will be dismissed with prejudice.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge
Dated: September 28, 2026